IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDGAR SANTOS ARROYO, | § |
| Petitioner, | § |
| vs. | § CIVIL ACTION H-10-1225 |
| RICK THALER, | § |
| Respondent. | § |

**MEMORANDUM AND OPINION**

The petitioner, Edgar Santos Arroyo, seeks habeas corpus relief under 28 U.S.C. § 2254. Arroyo does not attack the validity of this conviction or sentence. Rather, he challenges the denial of release to parole. The threshold issue is whether his federal petition states a violation of a federally protected right. Having considered the record and the applicable authorities, this court dismisses Arroyo's petition for failure to state a ground for federal habeas corpus relief. The reasons for this ruling are explained below.

**I.      Background**

A jury found Arroyo guilty of the felony offense of murder in Cause Number 573111. On May 6, 1992, the jury sentenced Arroyo to a prison term of fifty years. On April 14, 2010, this court received Arroyo's federal petition. Arroyo contends that the Texas Board of Pardons and Paroles ("Board") improperly denied his release to parole. Arroyo acknowledges that he has had some major disciplinary infractions while in prison, but he denies being a member of a security threat group. Arroyo states that he poses no threat to society because he will be deported as soon as he is released from prison.

Arroyo states that between April and June 2009, the Board reviewed his suitability for release to parole. On June 18, 2009, the Board denied his release to parole. Arroyo complains that the Board only provided him with generalized statements about the reasons he was denied release. In its notice, the Board stated:

> You have been denied parole for the reason(s) listed below:
>
> One or more components indicated in each paragraph listed below may apply, but only one is required.
>
> 2D. The record indicates that inmate committed one or more violent Criminal acts indicating a conscious disregard for the lives, safety, or property of others: or the offense or pattern of criminal activity has elements of brutality, violence, or Conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public: or the record indicates use of a weapon.

(Docket Entry No. 1, Federal Petition, Attachment, pp. 1-2).

## II.     The Legal Standard

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

The law is clear that Arroyo has no constitutional right to release parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole under Texas law, *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (citing TEX. CODE CRIM. P. ANN. art. 42.18 § 8(a)). Because a prisoner has "no liberty interest in obtaining parole in

Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citing *Orellana,* 65 F.3d at 32). Arroyo's argument that he is entitled to be considered for release on parole at a particular time lacks merit.

Liberally construed, Arroyo complains that the Board retroactively applied recently-enacted parole policies and procedures to his case. The Fifth Circuit in *Wallace v. Quarterman,* 516 F.3d 351 (5th Cir. 2008), considered whether changes in Texas parole procedures violated the *Ex Post Facto* Clause. Although there is no constitutionally protected liberty interest in parole in Texas for due process purposes, an *Ex Post Facto* challenge does not turn on a liberty interest. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones,* 529 U.S. 244, 249 (2000). Retroactive changes to parole laws may, in some cases, violate this precept. *Id.* at 250. The inquiry in parole denial cases is whether the retroactive change in law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* (internal quotation marks and citation omitted). While laws that affect a prisoner's eligibility for parole may have *Ex Post Facto* implications, laws that affect the discretionary determination of suitability for parole do not. 516 F.3d at 355. A court must analyze the risk that an inmate's prison stay will be longer because of a change in the law that applies retroactively. *See Garner,* 529 U.S. at 255. A new procedure that creates only a speculative and attenuated risk of increasing a sentence does not violate the *Ex Post Facto* Clause. *California Dep't of Corrections v. Morales,* 514 U.S. 499, 508-09 (1995); *Hallmark v. Johnson,* 118 F.3d 1073, 1078 (5th Cir. 1997).

Arroyo states that the Board reviewed his suitability for release to parole in April 2009 and denied parole in June 2009. In conducting its review, the Board could consider the factors that Arroyo complains about in determining suitability for release. These factors affect only the Board's discretionary determination of suitability for release, not his eligibility for parole. The factors do not have *Ex Post Facto* implications.

In addition, the changes in Texas parole policy do not violate the *Ex Post Facto* Clause because they do not create a sufficient risk of increasing the length of Arroyo's sentence. *Olstad v. Collier*, 326 Fed. Appx. 261, 2009 WL 1116284 (5th Cir. 2009). When Arroyo was convicted, a prisoner needed the vote of only a majority of a randomly selected three-member Parole Board panel to be granted parole. *See* TEX. CODE CRIM. P. ANN. art. 42.12 § 14A(I) (Vernon 1979). Under § 508.046, which became effective on September 1, 1997, a favorable vote of two-thirds of the entire Parole Board was required to grant parole to certain offenders, including those convicted of sexual abuse of young children, engaging in sexual activity with a child or causing the child to engage in sexual activity, and aggravated sexual assault. *See* TEX. GOV'T CODE ANN. § 508.046 (Vernon 2010). Arroyo was convicted of murder. Arroyo's pleadings do not indicate that he was convicted of one of the listed offenses requiring a favorable vote of two-thirds of the entire Parole Board.

Liberally construed, Arroyo argues that he was denied parole because fewer than two-thirds of the Board members voted to grant him parole. The Fifth Circuit has determined that the Parole Board's retroactive application of § 508.046 does not violate the *Ex Post Facto* Clause because it is a discretionary rule addressing a prisoner's "suitability, not eligibility, for parole." *Goodrich v. Livingston*, 294 Fed. Appx. 983, 2008 WL 4488281 (5th Cir. 2008) (quoting *Wallace v. Quarterman*, 516 F.3d 351, 355-56 (5th Cir. 2008)). The Board did not violate the *Ex Post Facto* Clause by

applying § 508.046 to Arroyo because it did not alter the definition of the crime for which he was convicted nor increase his punishment. *See Collins v. Youngblood*, 497 U.S. 37, 44 (1990).

Arroyo is not entitled to federal habeas corpus relief on any of his claims.

## III.     Conclusion

Arroyo's challenges to the denial of parole lack merit. This case is dismissed. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). When a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. 484. This court denies Arroyo's petition after careful consideration of the merits of his constitutional claims. This court denies a COA because Arroyo has not made the necessary showing for issuance.

SIGNED on November 1, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge